# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DALE HOWARD, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12CV1293 TCM |
| JAMES HURLEY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having carefully reviewed the record, the Court will order petitioner to show cause as to why it should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

## The Petition

On July 11, 2006, a jury found petitioner guilty of trafficking drugs in the second degree. Petitioner was sentenced to fifteen (15) years imprisonment. See State v. Howard, Case No. 05G9-CR01178-01. His conviction and sentence were affirmed on direct appeal on September 25, 2007. State v. Howard, 233 S.W.3d 764 (Mo. Ct. App. 2007).

Petitioner filed a motion for post-conviction relief on January 14, 2008. The trial court denied his motion on August 19, 2008. Petitioner filed a timely appeal of the

denial, and the Missouri Court of Appeals reversed and remanded the matter to the trial court to enter findings of fact and conclusions of law on January 26, 2010. Howard v. State, 302 S.W.3d 739 (Mo. Ct. App. 2010). Judgment on petitioner's motion for post-conviction relief was again entered by the trial court on February 24, 2010. See Howard v. State, Case No. 08C-CC00015-01. Petitioner again appealed the denial of his motion, and the Court of Appeals upheld the trial court's decision on February 15, 2011. See Howard v. State, 331 S.W.3d 347 (Mo. Ct. App. 2011). The mandate was entered on March 10, 2011. Petitioner appears to have filed a Rule 91 application for writ of habeas corpus in the Missouri Supreme Court on March 13, 2012, which was denied and dismissed on May 29, 2012.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court, in the recent case of Gonzalez v. Thaler, 132 S.Ct. 641 (2012), held that a judgment becomes final under § 2244)(d)(1)(A) when the time for seeking review in the state's highest court expires. For Missouri prisoners, like petitioner, who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen (15) days after the Missouri Court of Appeals affirms a conviction on direct appeal. See Mo.S.Ct.R. 83.02. Petitioner's one-year period of limitations, therefore, began to run on approximately September 25, 2007.

The time during which a properly filed post-conviction relief motion is pending tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).[1] Thus, the limitations period

---

[1] However, the period, of more than three and a half months in this case, between the completion of direct review of the state court judgment and the application for post-conviction relief is counted towards the one-year limitation period. See, e.g., Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v.

3

in this case was subsequently tolled from January 14, 2008, the date petitioner filed his motion for post-conviction relief, until approximately March 10, 2011, the date petitioner received the mandate of the Missouri Court of Appeals. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of mandate).

Petitioner filed the instant petition on July 16, 2012. Although petitioner's limitations period would again be tolled during the two and a half months petitioner's Mo.S.Ct.R. 91 petition for writ was pending, see Polson v. Bowersox, 595 F.3d 873, 875 (8th Cir. 2010), his § 2254 writ would still be barred by the statute of limitations by more than one-hundred-sixty-three (163) days, or more than five months.[2] As a result, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this Order, why this action should not be dismissed as time-barred.

---

Mount Pleasant Corr. Facility, 338 F.3d 851, 854 (8th Cir. 2003).

[2]One-hundred-eleven (111) days elapsed between September 25, 2007 (fifteen days after his conviction was affirmed on direct appeal) and January 14, 2008 (the date petitioner filed his post-conviction motion in the trial court). Three-hundred and sixty-nine (369) days elapsed between March 10, 2011 (the date the mandate was issued from the appellate court) and March 13, 2012 (the date petitioner filed his Rule 91 application for habeas corpus). Forty-eight (48) days elapsed between May 29, 2012 (the date petitioner's application for habeas relief was denied) and July 16, 2012 (the date petitioner filed his § 2254 application for writ).

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this 13th day of August, 2012.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE