UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALE HOWARD, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:12CV1293 TCM |
| JAMES HURLEY, | ) ) ) |
| Respondent. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the Order to Show Cause.[1]  Having carefully reviewed petitioner's response, the Court concludes that the instant action is time-barred and subject to dismissal.

On July 11, 2006, a jury found petitioner guilty of trafficking drugs in the second degree.  Petitioner was sentenced to fifteen years' imprisonment.  His conviction and sentence were affirmed on direct appeal on September 25, 2007.

In the Court's prior Memorandum and Order, the Court set forth, in great detail, the procedural history of petitioner's direct and collateral review of his conviction.  Because petitioner agrees with the dates set forth in the prior

---

[1]On August 13, 2012, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

Memorandum and Order, the Court will mention the timeline of review only briefly herein.

Petitioner filed a motion for post-conviction relief of his conviction on January 14, 2008.  The trial court denied his motion on August 19, 2008.  Petitioner filed a timely appeal of the denial, and the Missouri Court of Appeals reversed and remanded the matter to the trial court to enter findings of fact and conclusions of law on January 26, 2010.  Judgment on petitioner's motion for post-conviction relief was again entered by the trial court on February 24, 2010.  Petitioner again appealed the denial of his motion, and the Court of Appeals upheld the trial court's decision on February 15, 2011.  The mandate was entered on March 10, 2011.  Petitioner states in his response brief that he filed a state habeas petition in Pike County Circuit Court on June 24, 2011.  He states that his petition was dismissed by the court on October 11, 2011.  Petitioner also filed a state habeas petition in the Missouri Supreme Court on March 13, 2012, which was denied and dismissed on May 29, 2012.

## Discussion

Pursuant to 28 U.S.C. 2244(d), a one year limitations period applies to an application for writ of habeas corpus.  Petitioner's limitations period began to run on the date his judgment became final, or on approximately October 10, 2007, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal.  See Gonzalez v. Thaler, 132 S.Ct. 641 (2012); Mo.S.Ct.R. 83.02.

However, the period of approximately three months in this case, between the completion of direct review of the state court judgment and the application for post-conviction relief is counted toward the one-year limitation period. See, e.g., Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 854 (8th Cir. 2003). Ninety-six (96) days elapsed between October 10, 2007 and January 14, 2008.

The time during which a properly filed post-conviction relief motion is pending tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). Thus, the limitations period in this case was subsequently tolled from January 14, 2008, the date petitioner filed his motion for post-conviction relief, until approximately March 10, 2011, the date petitioner received the mandate from the Missouri Court of Appeals. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).

Petitioner's limitations period was again tolled during the time his Rule 91 habeas petitions were pending. See Polson v. Bowersox, 595 F.3d 873, 875 (8th Cir. 2010). However, between March 10, 2011 and June 24, 2011, the date upon which petitioner claims his first habeas petition was filed, one-hundred and six (106) days passed. Petitioner claims the Rule 91 petition was denied on October 11, 2011 and that it was not until March 13, 2012 that he filed a second Rule 91 petition. Between the denial of his first petition and the filing of the second petition, one-hundred fifty-

four (154) days passed.  The second petition was denied on May 29, 2012, and petitioner did not file the instant application for writ of habeas corpus until July 16, 2012, again allowing forty-eight (48) days to pass.  Thus, altogether, petitioner allowed four-hundred and four (404) days to pass between the date on which his judgment became final and the time he filed the instant application for habeas relief. Because his petition was filed approximately forty (40) days late, his application is time-barred and is subject to summary dismissal, despite his arguments to the contrary.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. §  2254 is **DISMISSED** as time-barred.  Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.  28 U.S.C. § 2253.

Dated this 11th day of September, 2012.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE