UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DALE HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1293 TCM |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's motion to "alter or amend" the dismissal of his habeas petition. On September 11, 2012, the Court dismissed petitioner's application for writ of habeas corpus as time-barred, finding that his petition was filed approximately forty (40) days after the one-year statute of limitations. See 28 U.S.C. § 2244(d).

Petitioner asserts in his motion to alter or amend the dismissal that he has filed exhibits to "prove the state's prosecuting attorney's office is using petitioner's post conviction relief time towards the one year limitations given to file his federal habeas corpus." Attached as an exhibit to petitioner's pleading is a notice of appeal of the denial of his post-conviction motion for relief, filed by petitioner in the Cape Girardeau County Court on April 16, 2010. Also attached is a docket sheet from the post-conviction appeal, showing the granting of the filing a motion for a late notice of appeal on April 13, 2010.

Petitioner has not provided an explanation as to how these documents belie the finding that his application for habeas relief in this Court was time-barred. Moreover, the Court notes that it made a specific finding in the Memorandum and Order accompanying

its Order of Dismissal that the time during which a properly filed post-conviction relief motion is pending tolls the statute of limitations. Thus, the Court noted that petitioner's statute of limitations was tolled from January 14, 2008, the date petitioner filed his motion for post-conviction relief in the Circuit Court, until approximately March 10, 2011, the date petitioner received the mandate from the Missouri Court of Appeals affirming the denial of post-conviction relief. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of mandate). As such, the dates mentioned in petitioner's exhibits, attached to his motion before this Court, are of no consequence, as the limitations period was tolled during this time period. In light of this fact, petitioner's motion for relief from judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment [Doc. #7] is **DENIED**.

Dated this 27th day of September, 2012.

                                             *Audrey G. Fleissig*
                                             AUDREY G. FLEISSIG
                                             UNITED STATES DISTRICT JUDGE